**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

RONELL S. SMITH, )
Register No. 188640, )
 )
            Plaintiff, )
 )
                v. )            No. 05-4288-CV-C-SOW
 )
JEFFERSON CITY CORRECTIONAL )
CENTER, et al., )
 )
            Defendants. )

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On November 3, 2005, defendants filed a motion to dismiss plaintiff's claims for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e. Plaintiff filed suggestions in opposition, arguing that he filed an initial grievance, but that prison officials never responded to such grievance; therefore, he was unable to exhaust his claims.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the Missouri Department of Corrections Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims, pursuant to federal law, upon receipt of a grievance appeal response. *See* Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, No. III(M)(11) (Jan. 1, 2004); No. III (M)(12) (March 1, 2005). Furthermore, section 1997e(a) requires that an inmate exhaust all available administrative remedies regarding the allegations in his complaint prior to bringing suit. *Johnson v. Jones*, 340 F.3d 624, 628 (8ᵗʰ

Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). Finally, when multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims. *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).

In the instant case, plaintiff's allegation that he initially filed a grievance but did not receive a response to such grievance is not sufficient to allow him to proceed with filing a federal lawsuit prior to exhaustion. The court takes judicial notice of the fact that Missouri Department of Corrections (MDOC) has a procedure manual which states that the "[e]xpiration of the response time limit at any stage of the process shall allow the grievance to move to the next stage of the process by notifying the grievance officer." MDOC Dept. Manual D5-3.2, Offender Grievance (Jan. 1, 2004) and (March 11, 2005), Nos. III (K)(9), and (L)(18). Plaintiff had the opportunity, pursuant to the prison grievance procedure manual, to continue with his claims to the point of administrative exhaustion.

Therefore, because plaintiff failed to exhaust administrative remedies as to his claims prior to the filing of this federal lawsuit, plaintiff's claims should be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e.

Plaintiff is advised that if he refiles this suit after exhausting his administrative remedies, he will be required to pay the full filing fee. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). Installment payments are permitted if plaintiff is granted leave to proceed in forma pauperis.

In light of the foregoing recommendation, plaintiff's motion for reconsideration of his request for appointment of counsel will be denied.

IT IS, THEREFORE, ORDERED that plaintiff' motion for reconsideration of his request for appointment of counsel is denied, without prejudice [15]. It is further

RECOMMENDED that defendants' motion to dismiss be granted and plaintiff's claims be dismissed, without prejudice, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. 1997e. [13]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the

2

specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. *See* L.R. 74.1.

Dated this 18th day of January, 2006, at Jefferson City, Missouri.


/s/_____

WILLIAM A. KNOX
United States Magistrate Judge